Case: 3:07-cv-00219-bbc Document #: 2 Filed: 04/13/07 Page 1 of 5

Document Number  Case Number
07-C-0219-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
04/13/2007 02:45:48 PM CDT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Wisconsin Cheese Group, Inc., a Wisconsin corporation,

    Plaintiff,

v.

V & V Supremo Foods, Inc., an Illinois corporation,

    Defendant.

Case No. _____

**COMPLAINT**

---

Plaintiff Wisconsin Cheese Group, Inc. ("WCG" or "Plaintiff") for its complaint against Defendant V & V Supremo Foods, Inc. ("V & V" or "Defendant") alleges as follows:

### THE PARTIES

1. Plaintiff Wisconsin Cheese Group, Inc. ("WCG") is a corporation formed and existing under the laws of the state of Wisconsin.

2. Defendant V & V Supremo Foods, Inc. ("V & V") is a corporation formed and existing under the laws of the state of Illinois.

### JURISDICTION AND VENUE

3. This is a civil action seeking review of a decision of the Trademark Trial and Appeals Board ("TTAB") of the United States Patent and Trademark Office. This action arises under the laws of the United States, Title 15, United States Code, §§ 1071(b)(4). Therefore, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Personal jurisdiction over the Defendant is vested in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because Defendant

regularly and actively conducts business in this judicial district including, among other things, by selling products with the trademark that is the subject matter of this proceeding.

5. Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides, is headquartered, and actively conducts business in this judicial district, and Defendant resides and actively conducts business in this judicial district as well.

## FACTUAL BACKGROUND

6. On August 24, 2004, the United States Patent and Trademark Office published Registration No. 2,876,481 for the mark QUESERIA CARIBE to be used on cheese. Defendant V & V did not oppose the registration of this mark prior to its registration.

7. On February 22, 2005, Defendant V & V commenced a cancellation proceeding before the TTAB requesting cancellation of the QUESERIA CARIBE mark that had been registered to WCG.

8. In its Petition for Cancellation, V & V alleged that it was being damaged by the registration of the QUESERIA CARIBE mark because the mark was likely to cause confusion with V & V's registered mark, DEL CARIBE.

9. WCG opposed the cancellation proceeding and denied the allegations made by V & V.

10. On February 15, 2007, the TTAB issued its opinion granting the petition for cancellation.

11. Pursuant to 15 U.S.C. § 1071(b), Plaintiff now seeks *de novo* review of the decision of the TTAB.

12. The conclusion reached by the TTAB in this matter is incorrect and should be reversed.

13. Defendant will not be damaged by the registration of a mark on the Principal Register, and there is no likelihood of confusion between Plaintiff's QUESERIA CARIBE mark and Defendant's DEL CARIBE mark.

## COUNT I

### REQUEST FOR REVERSAL UNDER SECTION 21 OF LANHAM ACT

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13.

15. Plaintiff is dissatisfied with the erroneous February 15, 2007 decision of the TTAB.

16. The February 15, 2007 decision of the TTAB is a final decision subject to review under Section 21 of the Lanham Act, 15 U.S.C. § 1071.

17. Plaintiff elects to seek recourse by civil action under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b), for reversal of the TTAB's February 15, 2007 decision on the basis that the QUESERIA CARIBE mark is not likely to cause confusion with the DEL CARIBE mark.

## COUNT II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### PURSUANT TO 28 U.S.C. § 2201

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17.

19. In pleadings, filings and testimony before the TTAB, Defendant has asserted that the QUESERIA CARIBE mark infringes on the DEL CARIBE mark and that this infringement is damaging Defendant. In addition, Defendant has asserted that this purported infringement is intentional.

20. The allegations asserted by Defendant are false, and despite the fact that these marks have coexisted in the marketplace for more than fourteen years, Defendant has never filed an action seeking infringement damages.

21. In conjunction with the cancellation of Plaintiff's registration of the QUESERIA CARIBE mark, Defendant's allegations of infringement have now given rise to an actual and present controversy regarding whether Plaintiff's use of the QUESERIA CARIBE mark in fact infringes on Defendant's DEL CARIBE mark.

22. Plaintiff has been using the QUESERIA CARIBE mark for more than fourteen years and has developed a valuable business around this mark. The QUESERIA CARIBE mark is and has for some time been used exclusively as a control brand at Costco stores. Plaintiff should be permitted to continue with its business without Defendant's lingering threats of infringement.

23. Accordingly, Plaintiff seeks a judgment declaring that it is not infringing on Defendant's rights in the DEL CARIBE mark.

24. Plaintiff has no other prompt and expeditious remedy to protect its interests, and under the circumstances at issue in this action, a judicial determination is necessary and appropriate to determine Plaintiff's rights in connection with its QUESERIA CARIBE business.

WHEREFORE, Plaintiff prays for judgment and seeks relief as follows:

(1) For a reversal of the decision of the Trademark Trial and Appeals Board decision cancelling Plaintiff's registration of the QUESERIA CARIBE mark;

(2) For a judgment that Plaintiff is entitled to registration of its QUESERIA CARIBE mark;

(3)     For an order directing that the mark QUESERIA CARIBE remain registered on the Principal Register;

(4)     For a judgment that V & V's DEL CARIBE mark is not being infringed by Plaintiff;

(5)     For such other and further relief as the Court may deem just and proper.

Dated: April 13, 2007          MASLON EDELMAN BORMAN & BRAND, LLP

By: *David T. Schultz* (signature)
David T. Schultz (WI No. 1036046 ) (MN No. 0169730)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: 612.672.8357
Fax: 612.642.8357
ATTORNEY FOR PLAINTIFF WISCONSIN CHEESE GROUP, INC.