# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN CHEESE GROUP, INC., a
Wisconsin corporation,

        Plaintiff/Counter-Defendant,

v.

V & V SUPREMO FOODS, INC., an Illinois
corporation,

        Defendant/Counter-Plaintiff.

Case No. 07-C-0219-C

Judge Crabb
Magistrate Judge Crocker

## DEFENDANT/COUNTER-PLAINTIFF'S EXPEDITED COMBINED MOTION FOR: (1) STAY OF SUMMARY JUDGMENT BRIEFING SCHEDULE AND (2) LIMITED DISCOVERY AND CONTINUANCE PURSUANT TO FED. R. CIV. P. 56(f)

Defendant/Counter-Plaintiff V&V Supremo Foods, Inc. ("V&V") hereby requests that the Court grant the following relief: (1) a temporary stay of the briefing schedule for the motion for summary judgment filed by Plaintiff/Counter-Defendant Wisconsin Cheese Group, Inc. ("WCG") on November 30, 2007 ("WCG's Motion"); and 2) limited discovery and a continuance pursuant to Fed.R.Civ.P. 56(f).

V&V requests this relief because WCG's Motion and memorandum in support rely almost exclusively on alleged newly discovered documentary evidence that WCG produced as little as two weeks prior to the filing of WCG's Motion (even though such correspondence is responsive to document requests served more than two years ago), as well as declarations from its former CEO and former counsel relating to that documentary evidence. V&V has not had an opportunity to obtain meaningful discovery relating to this recently disclosed evidence, and therefore is unable to properly respond to WCG's Motion absent additional discovery pursuant to Rule 56(f). V&V believes that information yielded by the requested discovery would preclude summary judgment.

## I. Request for Temporary Stay

For the reasons detailed in the *Affidavit of Michael K. Hendershot Pursuant to Fed.R.Civ.P. 56(f)*, attached as Exhibit A hereto, V&V's request for limited additional discovery and a continuance under Rule 56(f) is meritorious. The current deadline for V&V to respond to WCG's Motion is December 21, 2007. Accordingly, V&V requests a temporary stay of the summary judgment briefing schedule in order to afford the Court time to resolve V&V's Rule 56(f) request.

## II. Request for Discovery and Continuance Pursuant to Rule 56(f)

V&V has not had an opportunity to conduct meaningful discovery regarding the facts underlying WCG's Motion, and believes that such discovery would yield information sufficient to warrant denial of that motion. *Hendershot Aff.* ¶¶1-3. WCG's Motion is based on WCG's highly fact intensive affirmative defenses of laches, estoppel and acquiescence – the latter of which was asserted by WCG for the first time in its October 26, 2007 motion to amend its answer to V&V's counterclaims. *Hendershot Aff.* ¶¶4-6. WCG's Motion and memorandum in support rely almost exclusively on: 1) correspondence involving its former CEO and former counsel that it produced only a few weeks ago (even though such correspondence is responsive to document requests served more than two years ago); and 2) declarations from those two individuals relying and elaborating upon such correspondence. *Hendershot Aff.* ¶¶ 7-14. The discovery requested by V&V – which V&V has not had an opportunity to conduct - is likely to provide numerous grounds for denying WCG's Motion and therefore will remedy the prejudice caused to V&V by WCG's recent disclosure of evidence and reliance thereon. *Hendershot Aff.* ¶¶ 15-23.

2

Summary judgment should not be entered "until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 St.Ct. 2548, 91 L.Ed. 265 (1986). Accordingly, Fed.R.Civ.P. 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may... order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."

Discovery pursuant to Rule 56(f) is particularly appropriate where the motion for summary judgment is based on facts contained in the affidavits of witnesses whom the movant has not had an opportunity to depose. *See, e.g., Blake v. Transcommunications, Inc.*, 2006 WL 3848943, *2 (D.Kan. 2006) (granting Rule 56(f) movant's request to depose parties upon whose affidavits the non-movant's motion for summary judgment relied). Such discovery may be directed specifically toward third-parties. *See, e.g., S.W.B. New England, Inc. v. R.A.B. Food Group, LLC*, 2007 WL 1753067, *3 (SDNY 2007) (granting Rule 56(f) movant's request for discovery from third parties where motion for summary judgment was based largely on affidavit testimony of summary judgment movant and its employees).

V&V requests only that the Court permit it to conduct the following discovery relating specifically to the issues raised in WCG's Motion: 1) service of five document requests and five interrogatories; and 2) depositions of WCG's former CEO and former counsel, upon whose declarations WCG's Motion relies. V&V requests only a forty-five (45) day continuance of its summary judgment response deadline, calculated from the date on which the above-requested discovery is granted, in order to conduct such discovery.

3

For the reasons detailed in the attached Rule 56(f) affidavit, V&V respectfully requests that the Court grant it this limited but critical discovery.

                                                     Respectfully submitted,

                                                     V&V SUPREMO FOODS, INC.

Dated: December 18, 2007        By: _____

                                                     Kenneth B. Axe
                                                     Lathrop & Clark LLP
                                                     740 Regent Street
                                                     Madison, WI 53701-1507
                                                     (608) 257-7766

                                                     Jeffery A. Handelman
                                                     Thomas M. Williams
                                                     Michael K. Hendershot
                                                     BRINKS HOFER GILSON & LIONE
                                                     NBC Tower – Suite 3600
                                                     455 N. Cityfront Plaza Dr.
                                                     Chicago, IL 60611-5599
                                                     (312) 321-4200

                                                     Attorneys for Defendant/Counter-Plaintiff
                                                     V&V SUPREMO FOODS, INC.

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN CHEESE GROUP, INC., a Wisconsin corporation,<br><br>      Plaintiff/Counter-Defendant,<br><br>v.<br><br>V & V SUPREMO FOODS, INC., an Illinois corporation,<br><br>      Defendant/Counter-Plaintiff. | Case No. 07-C-0219-C<br><br>Judge Crabb<br>Magistrate Judge Crocker |

### AFFIDAVIT OF MICHAEL K. HENDERSHOT PURSUANT TO FED.R.CIV.P. 56(f)

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK )

AFFIDAVIT OF MICHAEL K. HENDERSHOT

Michael K. Hendershot, being sworn, states as follows:

1. I am outside counsel for V&V Supremo Foods, Inc. ("V&V"), Defendant/Counter-Plaintiff in the above-captioned proceeding.

2. Plaintiff/Counter-Defendant Wisconsin Cheese Group, Inc. ("WCG") has filed a motion for summary judgment in this proceeding ("WCG's Motion") based on alleged newly-discovered documents. In response, V&V has filed the accompanying *Defendant/Counter-Plaintiff's Expedited Combined Motion for (1) Stay of Summary Judgment Briefing Schedule and (2) Limited Discovery and Continuance Pursuant to Fed.R.Civ.P. 56(f)* (the "Rule 56(f) Motion"), in which V&V requests that the Court grant it the following relief: (1) a temporary stay of the briefing schedule for WCG's Motion; and 2) limited discovery and a continuance pursuant to Fed.R.Civ.P. 56(f).

3. V&V has not had an opportunity to obtain meaningful discovery relating to the factual basis for WCG's Motion, and believes that information yielded by such discovery would preclude summary judgment.

## I. Procedural History of this Litigation

4. This case arises from WCG's appeal of the decision by the Trademark Trial & Appeal Board in *V&V Supremo Foods, Inc. v. Wisconsin Cheese Group, Inc.*, Cancellation Proceeding No. 92/044,301 (the "Board Proceeding"), in which the Board granted V&V's petition to cancel WCG's registration for its trademark QUESERIA CARIBE on the ground that WCG's mark creates a likelihood of confusion with V&V's federally-registered DEL CARIBE trademark.

5. On April 13, 2007, WCG appealed that decision by filing a complaint with this Court requesting that it 1) reverse the Board's decision and 2) grant WCG declaratory judgment of non-infringement. On May 29, 2007, V&V submitted its answer to WCG's complaint, as well as counterclaims alleging that WCG's use of QUESERIA CARIBE infringes V&V's federally-registered DEL CARIBE trademark. On June 22, 2007, WCG filed its answer to V&V's counterclaims, which included affirmative defenses of estoppel and laches.

6. On October 26, 2007 – three months after the deadline for amending the pleadings in this case without leave of court - WCG moved to amend its answer to V&V's counterclaims to include the affirmative defense of acquiescence. In its supporting brief, WCG stated that while responding to V&V's discovery requests, it had searched its archived records in storage and found correspondence that it claimed showed V&V's acquiescence to its use of the QUESERIA CARIBE mark. WCG claimed that it had not searched these archives during the Board

2

proceeding. To date, the Court has not granted WCG's motion to amend its answer to include the affirmative defense of acquiescence.

## II. WCG's Motion for Summary Judgment and Related Evidence

7.  On November 30, 2007, WCG moved for summary judgment on the highly fact-intensive issues of laches, estoppel and acquiescence. In its supporting brief, WCG relies almost entirely on declarations from individuals Lawrence Trebon and Henry Zwicky, WCG's former counsel and CEO, respectively. Mr. Trebon's declaration refers to and attaches various letters bates labeled WCG 1120-1127 and 1198-99. Mr. Zwicky's declaration includes various statements relating to this correspondence, all of which is addressed either to or from Mr. Trebon or Mr. Zwicky. These declarations and correspondence contain virtually all of the facts relied upon by WCG in its summary judgment memorandum.

8.  Despite the fact that they are encompassed by discovery requests served by V&V more than two years ago in the Board Proceeding, the above-described documents that comprise the core of WCG's summary judgment memorandum were produced by WCG only weeks before it filed its motion for summary judgment (documents WCG 1198-99 were produced a mere two weeks prior). As a result, V&V has been unable to conduct meaningful discovery on the defenses that form the basis for WCG's summary judgment motion.

9.  During the Board Proceeding, V&V served discovery requests seeking all documents relating to WCG's knowledge of V&V's DEL CARIBE mark, as well as an interrogatory regarding WCG's first awareness of V&V's DEL CARIBE mark. WCG's document request responses stated that it did not possess any documents responsive to these requests, and its answer to the identified interrogatory made no reference to any correspondence between the parties.

3

10. On September 5, 2007, after WCG had filed the instant action, V&V served on WCG similar discovery requests on these same topics.

11. On October 12, 2007, WCG produced a number of documents, including documents bates labeled WCG 1120-1127 upon which WCG would rely in its summary judgment memorandum. These documents included: 1) a letter dated March 8 1993 from counsel for V&V to Lawrence Trebon regarding WCG's use of the mark QUESO CARIBE; 2) a draft letter authored by Mr. Trebon – dated April 6, 1993 - in response thereto; 3) a letter dated March 24, 2000 from counsel for V&V to Henry Zwicky of CheesAmerica regarding CheesAmerica's use of the mark CARIBE; and 4) a draft letter authored by Mr. Trebon – dated April 3, 2000 – in response thereto.

12. On October 31, 2007, WCG served its written responses to V&V's discovery requests of September 5, 2007. WCG stated in its responses to the document requests regarding its knowledge of the DEL CARIBE mark that it had produced all non-privileged responsive documents, and further stated in response to the related interrogatory that current WCG employees have no knowledge regarding WCG's first awareness of V&V's mark, but that Henry Zwicky or Lawrence Trebon might possess such knowledge.

13. On November 16, 2007, WCG produced documents labeled WCG 1180-1199, some of which it would later rely upon in its summary judgment memorandum. These documents included: 1) a signed version of the April 3, 2000 draft letter previously produced; and 2) a letter dated September 13, 2001 from counsel for V&V to Henry Zwicky regarding WCG's use of the mark CARIBE.

14. In short, WCG's memorandum in support of its summary judgment motion is based almost entirely on the following: 1) correspondence involving its former CEO and former

4

counsel that it produced only a few weeks ago (even though such correspondence is responsive to document requests served more than two years ago); and 2) declarations from those two individuals relying and elaborating upon such correspondence. Given WCG's recent disclosure, V&V has not had an opportunity to undertake written discovery or depositions regarding this important evidence.

### III.  V&V's Request for Rule 56(f) Discovery

15. In light of the above facts, the undersigned proposed to counsel for WCG that the parties stipulate to a schedule for V&V to conduct the discovery requested herein. Counsel for WCG agreed to stipulate to only fourteen (14) additional days for written discovery, and declined to stipulate to the requested depositions. Accordingly, the undersigned informed counsel for WCG that V&V would file its Rule 56(f) Motion to obtain this necessary discovery.

16. WCG's Motion is premised on the affirmative defenses of laches, equitable estoppel and acquiescence. To prevail on its laches claim, WCG must show that V&V had knowledge of WCG's QUESERIA CARIBE mark, that V&V inexcusably delayed in taking action, and prejudice. To prevail on its estoppel claim, WCG must show that V&V's conduct led WCG to reasonably infer that V&V would not enforce its trademark rights, that WCG relied on such conduct, and prejudice. To prevail on its acquiescence claim, WCG must show that V&V represented it would not assert a claim, that the delay between such representation and V&V's assertion of its claim was not excusable, and prejudice. The requested discovery is likely to yield evidence sufficient to create numerous issues of fact as to many or all of these elements, and therefore is likely to provide several bases for denying WCG's Motion.

17. For example, the requested discovery may show that relevant communications exist beyond those which are included in the correspondence relied upon by WCG. The fact that

5

none of this correspondence includes replies from counsel for V&V suggests that additional communications took place. V&V is entitled to determine whether this correspondence is *under-inclusive*, i.e., whether there were additional communications that would cast doubt on WCG's claim that V&V consented to its use of marks containing the term "Caribe."

18. Conversely, V&V should be permitted to explore whether the documents relied upon by WCG are *over-inclusive*, i.e., whether WCG's evidence suggests the existence of communications that never actually occurred. In this regard, V&V notes that two of the letters allegedly sent by Mr. Trebon are unsigned. If discovery shows that WCG never sent the letters on which it relies, this would cast serious doubt on WCG's claim that V&V had knowledge regarding WCG's continued use of its marks.

19. Moreover, the requested discovery may show that the QUESERIA CARIBE mark at issue in this proceeding was not used by WCG during the relevant time periods. In this respect V&V notes that the documents relied upon by WCG do not refer to the QUESERIA CARIBE mark (but instead refer to other "Caribe" marks), and that some of this correspondence refers to use of "Caribe" marks by a company other than WCG. To the extent that discovery shows, as V&V believes it will, that the QUESERIA CARIBE mark was not used by WCG until after this correspondence took place, such evidence would fatally undermine WCG's affirmative defenses.

20. In addition, the requested discovery is likely to show that WCG did not in fact rely on, and was not prejudiced by, the correspondence at issue. WCG's argument with respect to reliance and prejudice is particularly dubious given that: 1) WCG did not even know until recently that the correspondence at issue existed; 2) the correspondence pertains to different marks and different companies; and 3) the correspondence plainly states that V&V did not

6

consent to use of the term "Caribe" by WCG. V&V should be permitted to test the veracity of WCG's claims of reliance and prejudice.

21. Finally, V&V should be permitted to test the general credibility of Messrs. Zwicky and Trebon, who for ten years each were the CEO and counsel, respectively, for WCG. The relationship of these individuals to WCG makes it particularly necessary that V&V be afforded the opportunity to depose them regarding the statements in their declarations, and to explore potential bias.

22. The above are just some examples of the various manners in which the requested discovery likely will permit V&V to successfully overcome WCG's fact-intensive motion for summary judgment. WCG's recent disclosure of the evidence upon which it relies in its motion has prejudiced V&V by preventing it from exploring the facts which underlie WCG's Motion. By granting the requested discovery the Court can remedy this prejudice.

23. Accordingly, V&V requests only that the Court permit it to conduct the following discovery relating specifically to the issues raised in WCG's Motion: 1) service of five document requests and five interrogatories; and 2) depositions of WCG's former CEO and former counsel, upon whose declarations WCG's Motion relies. V&V requests only a forty-five (45) day continuance of its summary judgment response deadline, calculated from the date on which the above-requested discovery is granted, in order to conduct such discovery.

FURTHER AFFIANT SAYETH NOT

_____
Michael K. Hendershot

Subscribed and sworn to
before me this 18th day
of December, 2007.

_____
Notary Public

"OFFICIAL SEAL"
NANCY K. LAWSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 03-17-09

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Defendant/Counter-Plaintiff's Expedited Combined Motion for (1) Stay of Summary Judgment Briefing Schedule and (2) Limited Discovery and Continuance Pursuant to Fed.R.Civ.P. 56(f)* was served on counsel for Plaintiff and Counter-Defendant Wisconsin Cheese Group, Inc. at the following address by U.S. mail, first class, postage prepaid, on this 18th day of December, 2007.

> David T. Schultz
> Maslon Edleman Borman & Brandon LLP
> 3300 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN 55402

*[signature]*