IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN CHEESE GROUP, INC.,
a Wisconsin corporation,

                      Plaintiff,

v.

V & V SUPREMO FOODS, INC.,
an Illinois corporation,

                      Defendant.

ORDER

07-C-219-C

---

On December 19, 2007, defendant moved pursuant to Rule 56(f) to extend its December 21 response deadline on plaintiff's summary judgment motion so that defendant could take expedited discovery on allegedly late-produced evidence. *See* dkt. 35. Plaintiff responded the next day in strong opposition, contending that it had produced its evidence in plenty of time for defendant to use it. *See* dkts. 36-37. Plaintiff is correct. Therefore, I am denying defendant's motion in the main, but providing defendant with a short deadline extension to allow some breathing room over of the holidays.

Defendant seeks six weeks' additional time to conduct discovery and perfect its response brief because it claims that plaintiff sandbagged it with late disclosure of documents relevant to laches, estoppel and acquiescence, the core issues in plaintiff's summary judgment motion. Defendant expresses alarm and dismay at what it views as the untimely production of copies of several letters, claiming that plaintiff should have turned them over during the TTAB proceedings two years ago.

Plaintiff does not dispute that these letters would have been highly relevant to the TTAB proceedings; indeed, the letters could have significantly bolstered plaintiff's position, so there would

have been no reason for plaintiff to withhold them. But plaintiff claims only recently to have found these documents. This is the only logical explanation for their recent disclosure except for fraud and fabrication, which defendant implies in its motion.

But this all is irrelevant to the court's decision. In its motion, defendant admits that plaintiff disclosed most of these letters on October 31, 2007, disclosed the rest on November 16, 2007, then filed its motion for summary judgment on November 30, 2007, triggering defendant's response deadline of December 21, 2007 (today). *See* Affidavit of Michael K. Hendershot, (Exh. A to dkt. 35) at 3-4. So, the "smoking gun" evidence was placed on the table over seven weeks ago, with some follow-up over five weeks ago. This is another example of the relativity of time: considering the velocity at which civil lawsuits fly through this court, from the court's perspective a five- to seven-week opportunity to digest and respond to your opponent's unexpected and potentially damaging evidence is a gift, not an ambush. In *any* court it would constitute a fair opportunity to conduct necessary discovery to meet the factual basis of plaintiff's summary judgment motion. To forestall exactly this sort of motion, this court long ago added its preliminary pretrial conference order this oft-quoted language:

> Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

June 14 Order, dkt. 12, at 4.

There is no reason to provide defendant with a 45 day extension within which to conduct additional discovery on this issue. Therefore, the motion is denied as framed. Even so, I will allow

defendant until January 4, 2008 within which to file and serve its response, with plaintiff's reply due by January 14, 2008. No discovery shall occur during this period except by mutual agreement, which I predict is not forthcoming.

It is ORDERED that defendant's motion is GRANTED IN PART and DENIED IN PART as stated above.

Entered this 21st day of December, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge